9    UNITED STATES DISTRICT COURT

10    SOUTHERN DISTRICT OF CALIFORNIA

11

12    UNITED STATES OF AMERICA,    )   Civil No. 11CV1495-JLS
        )   Criminal No. 09CR0710-002-JLS
     Plaintiff/Respondent,   )

13            )   **ORDER:**
        )

14    v.        )   **1) DISMISSING PETITIONER'S**
        )   **MOTION UNDER 28 U.S.C. §**

15            )   **2255;**
        )

16    ERNEST SOQUI,    )   **2) DENYING PETITIONER'S**
        )   **MOTION TO EXPAND THE**

17         Defendant/Petitioner.   )   **RECORD;  and**
        )

18            )   **3) DENYING CERTIFICATE OF**
        )   **APPEALABILITY**

19

20    Currently pending before the Court is Petitioner's Motion for Vacate and Correct

21    Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 377) and Motion to Expand the Record

22    (Doc. No. 421).  The Court has reviewed the record in this case and, for the reasons set

23    forth below, will dismiss Petitioner's § 2255 Petition for lack of jurisdiction and deny

24    Petitioner's motion to expand the record as moot.

25    **DISCUSSION**

26    Petitioner Ernest Soqui was charged with fourteen others in a nineteen count

27    indictment alleging various racketeering and drug offenses.  Petitioner was named in six

28

counts: Count 1, which alleged a RICO conspiracy in violation of 18 U.S.C. § 1962(d); Counts 11 and 15, which alleged conspiracies to distribute methamphetamine (in excess of 50 grams) in violation of 21 U.S.C. § 841(a)(1) and 846; and Counts 12, 16, and 17, which alleged distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). With respect to the substantive distribution counts, Counts 12 and 16 alleged quantities of methamphetamine in excess of 50 grams, while Count 17 alleged a quantity in excess of 5 grams.

On March 11, 2010, Defendant entered a plea agreement and pled guilty to Count 15 of the indictment which alleged a conspiracy to distribute 50 grams and more of methamphetamine beginning on a date unknown and continuing to December 10, 2008. Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal or to collaterally attack the conviction and sentence. (Plea Agreement, Doc. No. 193 ¶ XI). As part of the factual basis set forth in the plea agreement, Defendant admitted that he was personally involved in the distribution of approximately 175 grams of methamphetamine (actual) in the San Diego area between June and December 2008. (*Id.* ¶ II(B)(3)). Petitioner was sentenced by this Court on July 2, 2010 to a term of imprisonment of 169 months and 5 years of supervised release.

## ANALYSIS

In his §2255 motion, Petitioner contends that his conviction is invalid because he was denied effective assistance of counsel in three respects. First, Petitioner contends that the his plea agreement was not entered voluntarily and that the plea agreement was poorly negotiated. Second, Petitioner maintains that his counsel failed to object to an allegedly improper criminal history calculation used at sentencing. Third, Petitioner faults counsel for her failure to challenge a Guidelines sentence enhancement applied by the Court.

Petitioner's first objection is pivotal to the Court's resolution of this matter, for if Petitioner's plea agreement was entered knowingly and voluntarily, his waiver of

collateral attack would bar his further claims. *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).

The court determines voluntariness by looking at the totality of the circumstances surrounding the signing and entry of the plea agreement. *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). In assessing the voluntariness of the plea, the court must accord great weight to statements made by the defendant contemporaneously with his plea. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986). The representations of the defendant, his lawyer, and the prosecutor, as well as the judge's findings in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

"A claim of ineffective assistance [of counsel] may be used to attack the voluntariness and hence the validity of a guilty plea." *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990); *see Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). In the context of guilty pleas, to satisfy the "prejudice" requirement "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Petitioner contends that he did not voluntarily plead guilty because his attorney told him that he had to accept the plea agreement and there was nothing else that could be done. Petitioner further contends that his attorney should have negotiated a plea to Count 17 of the indictment because that count alleged a lesser quantity of methamphetamine and thus would have lessened Petitioner's sentencing exposure.

11cv1495; 09cr0710

1    Petitioner fails to establish, however, that his attorney's performance fell below

2   professional standards. Assuming that Petitioner's allegations are true, advising an

3   accused to plead guilty is not invariably improper. In fact, a guilty plea is often the best

4   option available to an accused in the face of overwhelming evidence. While the Court is

5   not aware of the extent of the Government's evidence in this case, Petitioner has

6   presented nothing to suggest that going to trial would have been a plausible option for

7   him. To the contrary, Petitioner merely suggests that counsel could have obtained a more

8   favorable plea agreement. This speculation is not sufficient to demonstrate that counsel's

9   performance was deficient, or that Defendant was prejudiced by entering the negotiated

10  plea agreement.

11       In the written plea agreement, Petitioner acknowledged he understood the elements

12  of the offense to which he pleaded guilty, and that he had "fully discussed the facts of this

13  case with defense counsel." (Plea Agreement, Doc. No. 193, at 2). Petitioner admitted

14  he "committed each of the elements of the crime" and admitted the factual basis for the

15  guilty plea, which included an admission that he was "personally involved in the

16  distribution of approximately 175 grams of methamphetamine (actual) in the San Diego

17  area." *Id*. Petitioner further acknowledged having reviewed the Plea Agreement with his

18  attorney and his understanding of its terms. *Id*. at 4, 9. Significantly, Petitioner

19  represented he entered the guilty plea knowingly and voluntarily. As stated in the Plea

20  Agreement:

21       Defendant represents that:

22       A.    Defendant has had a full opportunity to discuss all the facts and
               circumstances of this case with defense counsel, and has a clear
23             understanding of the charges and the consequences of this plea;

24       B.    No one has made any promises or offered any rewards in return
               for this guilty plea, other than those contained in this
25             agreement;

26       C.    No one has threatened Defendant or Defendant's family to
               induce this guilty plea; and

27

28

> **D.**     Defendant is pleading guilty because in truth and in fact
>            Defendant is guilty and for no other reason.

*Id*. at 4.

This record undermines Petitioner's argument his counsel was ineffective by forcing Petitioner into signing the plea agreement.  Furthermore, Petitioner makes no showing of any reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and insisted on going to trial.  Nor does Petitioner make any showing that ineffective assistance of counsel caused him to miss out on a more favorable earlier plea offer. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012) (recognizing that *Hill v. Lockhart* does not necessarily provide the sole means for demonstrating prejudice arising from the deficient performance of counsel during plea negotiations.)

Although a plea bargain to Count 17 instead of Count 15 would certainly have lowered Petitioner's sentencing exposure, there is no legal requirement that a defendant be afforded the opportunity to plead guilty to the least severe offense.  The record establishes that Petitioner knowingly and voluntarily pled guilty to Count 17, conspiring to distribute methamphetamine in excess of 50 grams, a plea fully supported by his admission that he was personally involved in the distribution of approximately 175 grams of methamphetamine in the San Diego area.  Accordingly, having considered the substantial weight accorded Petitioner's on-the-record statements, Petitioner's challenge to the voluntariness of his plea because of his counsel's performance in advising Petitioner to enter the plea is without merit.

Petitioner also alleges he received ineffective assistance of counsel at the time of sentencing because counsel failed to object to an allegedly improper criminal history calculation used at sentencing and failed to challenge a Guidelines sentence enhancement applied by the Court.  Because these claims of ineffective assistance of counsel do not challenge the validity of his guilty plea or waiver of the right to collaterally attack his conviction and sentence, these claims is barred and the Court does not have jurisdiction

over them. *See United States v. Racich*, 35 F. Supp. 2d 1206, 1218 (S.D. Cal. 1999) (holding that a plea agreement's waiver provision bars claims of ineffective assistance of counsel that do not implicate the validity of the waiver itself).

Accordingly, Defendant's Motion to Expand the Record, which seeks to provide additional information regarding Defendant's criminal history, is **DENIED AS MOOT**.

## CONCLUSION

Having carefully considered Petitioner's claims in view of the case files and records, the Court finds the record sufficiently developed to conclusively show that Petitioner is entitled to no relief. The Court finds Petitioner's waiver of collateral attack to be valid and enforceable. Accordingly, this Court lacks jurisdiction and Petitioner's Motion Pursuant to 28 U.S.C. § 2255 is **DISMISSED**. Additionally, the Court **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing that he has been denied a constitutional right. *See* 28 U.S.C. § 2253(c) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right."). The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

DATED: July 17, 2013

Honorable Janis L. Sammartino
United States District Judge

11cv1495; 09cr0710